IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND,** *et al.*,

    *Plaintiffs,*

v.   *   Civil Case No: 1:24-cv-02652-JMC

**SOUTHEAST TRADESHOW SERVICES,
LLC,** *et al.*,

    *Defendants.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed the instant action against Defendants Southeast Tradeshow Services, LLC ("Southeast Tradeshow Services") and Sung Min Han on September 13, 2024, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 1). Presently pending before the Court is Plaintiffs' Request for Unanswered Request for Admission to be Deemed Admitted and Request for Entry of Default Pursuant to Local Rule 101.2, filed on July 23, 2025. (ECF No. 38). Neither Defendant has filed a response, and the time to do so has passed. *See* Loc. R. 105.2(a) (D. Md. 2025). No hearing is necessary. *See* Loc R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, Plaintiffs' requests, (ECF No. 38), shall be denied. The Court will instead direct Defendant Southeast Tradeshow Service to show cause as to why default judgment should not entered against it, pursuant to Local Rule 101.2(b).

Former counsel for both Defendants moved to withdraw his appearance on May 30, 2025, (ECF No. 33), and this Court granted the motion to withdraw on June 5, 2025. (ECF No. 34).

Pursuant to the Local Rules, "[a]ll parties other than individuals must be represented by counsel." Loc. R. 101.1 (D. Md. 2025). The Court therefore directed Southeast Tradeshow Servicing to obtain new counsel by July 7, 2025 and forewarned it that failure to comply by the deadline could cause it to face default judgment on all claims. (ECF No. 34). The Clerk's Office additionally mailed Defendants a copy Local Rule 101.2 on June 5, 2025, (ECF No. 35), and the July 7th deadline to obtain counsel was reiterated in the Court's June 6, 2025 Order addressing Plaintiffs' correspondence concerning a discovery dispute. (ECF No. 37). To date, no attorney has entered an appearance on behalf of Southeast Tradeshow Servicing.

Plaintiffs now seek entry of default against Southeast Tradeshow Servicing based on its failure to obtain counsel, so that they may file a motion for default judgment against Southeast Tradeshow Servicing. (ECF No. 38 at 5).[1] The Court will instead employ the procedure set forth Local Rule 101.2(b), which provides that if a party other than an individual has not obtained counsel within thirty (30) days of a motion to withdraw, "the Court may take such action, if any, that it deems appropriate, including … directing the party to show cause why a default should not be entered on claims asserted against it." Loc. R. 101.2(b). As for Plaintiffs' request that the unanswered request for admission be deemed admitted, the Court declines to make any finding at this time.

Accordingly, it is this 13th day of August, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiffs' Request for Unanswered Request for Admission to be Deemed Admitted and Request for Entry of Default Pursuant to Local Rule 101.2 (ECF No. 38) is DENIED;

---

[1] Plaintiffs appear to reference the procedure under Rule 55 of the Federal Rules of Civil Procedure, although they do not cite to Rule 55 in their motion.

2.      Southeast Tradeshow Servicing is directed to show cause as to why default judgment should not be entered against it for failure to obtain new counsel within thirty (30) days of the entry of this Order; and

3. The Clerk's Office is directed to provide a copy of this Order to Defendants by mail at 3181 Overlook Road, Davie, Florida, 33328, as well as by email, at sungmhan@gmail.com.

Date: August 13, 2025

/s/
J. Mark Coulson
United States Magistrate Judge